**SO ORDERED: May 15, 2009.**



**Anthony J. Metz III**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| JOHN BRIAN RADEZ | ) | CASE NO. 08-13087-AJM-7 |
| | ) | |
| Debtor | ) | |

### ORDER SUSTAINING TRUSTEE'S OBJECTION
### TO PROPERTY CLAIMED AS EXEMPT

This matter came before the Court for hearing on March 25, 2009 upon the

Trustee's objection to property the Debtor claimed as exempt.  Counsel were given 14

days from the date of the hearing to submit case law.  The Debtor filed his brief on April

8, 2009.  For the reasons stated below, the Court sustains the Trustee's objection and

finds that the Debtor may not claim an exemption under the Indiana wage garnishment

statute for bonuses received in 2009 related to services performed in 2008.

### *Background*

The Debtor filed his chapter 7 case on October 20, 2008 (the "Petition Date").

1

As of the Petition Date, the Debtor was employed at Eli Lilly & Co., Inc. ("Lilly") and participated in the "Eli Lilly & Company Bonus Plan".  The Debtor was paid biweekly, and filed pay advices for 5 pay periods between August 1st and October 15th of 2008.  Those pay advices revealed a "corporate bonus plan" and a "target bonus plan" with the last pay advice noting the "corporate bonus plan" value of $7714.28 (the "Corporate Bonus") and the "target bonus plan" value of $3507.32 (the "Target Bonus").  (The Corporate Bonus and the Target Bonus collectively will be referred to as the "Bonuses").  Debtor made no mention of the Bonuses in his schedules.  Jenice Golson-Dunlap, the chapter 7 trustee (the "Trustee") questioned the Debtor about the Bonuses at his continued §341 meeting of creditors held on January 14, 2009.  The Debtor thereafter amended his Schedule C to claim "100%" of the Bonuses exempt under 15 U.S.C.A. §1673 and the Indiana Constitution, to which the Trustee has objected.   The Bonuses were paid to the Debtor in February, 2009.

### Discussion

### Exemption under Wage Garnishment Statute

The Debtor concedes that the Bonuses are property of the estate.  The only issue is the extent, if any, they are exempt from the Trustee's reach. [1]  The Debtor

---

[1] The Trustee argued in the hearing that the *Lawson* case was on "all fours" with respect to the issues presented here.  See, *In re Lawson*, Case No. 04-19580-JKC-7 *Order Granting Trustee's Motion for Turnover* (November 15, 2005).  *Lawson* involved the turnover of a bonus paid to a debtor also employed by Lilly.  The *Lawson* opinion, however, was limited to the issue of whether the bonus was property of the estate, which the court found it was.  The debtor in *Lawson* did not argue that the bonus was exempt under the garnishment statute.  Instead, the debtor urged that the "value" of the bonus should be discounted because payment of it was contingent as of the petition date, but did not offer a formula or amount by which it should be discounted.  The court, with slight modification, adopted the trustee's pro rata approach since it appeared the bonus had accrued evenly over the year.  The Debtor here does not dispute that the Bonuses were property of the estate, and therefore, the Court finds the Trustee's exclusive reliance on *Lawson* misplaced.

2

claims that the Bonuses qualify as "disposable earnings" under Indiana's wage garnishment statute and therefore he can exempt and shield from the trustee 75% of their amount.  This and other courts within this District have held that the Indiana wage garnishment statutes affords a debtor an exemption in bankruptcy with respect to a debtor's *wages* that are earned but not paid as of the petition date.  *In re Haraughty*, – B.R. –, 2009 WL 890127 (Bankr. S. D. Ind. 2009); *In re Grimes*, 08-12808-AJM-7 *Order on Trustee's Motion for Turnover of Wages Earned But Not Paid as of Petition Date* (April 22, 2009).  If the garnishment statute's application extends to the Bonuses, they must qualify as "disposable earnings".

***"Earnings" and "Disposable Earnings" under the CCPA***
***and Indiana's Wage Garnishment Statute***

Congress passed the Consumer Credit Protection Act (CCPA) (also known as the Uniform Consumer Credit Code, or "UCCC") in 1968.  Pub L. No. 90-321, Stat. 146 (1968).  The purpose of the CCPA, in part, was to limit the amount of a debtor's *wages* that could be garnished, since it was believed that unlimited wage garnishments were driving debtors into bankruptcy.  The CCPA established a garnishment ceiling of 25% of a debtor's "disposable earnings" which are defined as "that part of the earnings of any individual remaining after the deduction from those earnings any amounts required by law to be withheld".  15 U.S.C. §1672(b).  The CCPA, in turn, defined "earnings" as "compensation paid or payable for personal services, whether denominated as wages, salary, commissions, *bonus*, or otherwise, and includes periodic payments pursuant to a pension or retirement program".  (Italics supplied) 15 U.S.C. §1672(a).  Indiana

3

adopted the CCPA, along with substantially similar definitions of "disposable earnings" [2] and "earnings" [3] .

If "disposable" (meaning "that which is left over after subtracting deductions required by law") merely modifies "earnings" (which includes a bonus), then "disposable earnings" would include the Bonuses here, reduced by the legally required deductions. However, case law indicates that lump sum bonuses paid at the end of the year would not be subject to garnishment even though the definition of "earnings" includes "bonus". Instead, and regardless of the terms used in the statute, Indiana case law holds that the determinative factor in deciding whether a payment to a debtor qualifies as "disposable earnings" is whether the payment is periodic in nature.  See, *Fisher Body v. Lincoln National Bank & Trust Co. of Fort Wayne*, 563 N.E.2d 149 (Ind App. 1990) (lump sum paid to an employee pursuant to a voluntary termination of employment agreement does not qualify as "disposable earnings"); *Indiana Surgical Specialists v. Griffin, et al*., 867 N.E.2d 260 (Ind App. 2007) (biweekly payments made to debtor, who was independent contractor and not employee of garnishee defendant, nevertheless qualified as "disposable earnings" since they *were* periodic in nature).   Relying on the *Fisher Body* case, Judge Coachys of this District on April 15th held that a "separation bonus" (severance payment) paid pursuant to a plant closure agreement was not "disposable earnings" and therefore was not exempt under the Indiana garnishment

---

[2] Ind Code §24-4.5-5-105(1) (a) provides that "disposable earnings" means that part of the earnings of an individual *including wages, commissions, income, rents, or profits* remaining after the deduction from those earnings of amounts required by law to be withheld.

[3] Ind Code §24-4.5-1-301(9) provides that "earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments *under* a pension or retirement program.

4

statute.  *In re Petitt*, 2009 WL 1012977 (Bankr. S. D. Ind.).

The very term  "periodic payment"  implies that payment is received routinely and, at a minimum, more than once.  Thus, "lump sum" and "severance bonus" payments which are paid all at once are not periodic in nature.  It is this characteristic that prevents such payments from qualifying as "disposable earnings", despite whatever terms are used in the definition of "earnings".  This "periodic payment" requirement is grounded in the CCPA's legislative history as discussed in *Kokoszka v. Belford*, 417 U.S. 642, 94 S.Ct. 2431, (1974).  After determining that a tax refund was property of the bankruptcy estate, the Supreme Court determined that it was not exempt from the trustee's reach under the CCPA's garnishment limits:

> The Court of Appeals held that the terms "earnings" and "disposable earnings" as used in 15 U.S.C. §§ 1672, 1673 , did not include a tax refund, but were limited to 'periodic payments of compensation and (do) not pertain to every asset that is traceable in some way to such compensation'... This view is fully supported by the legislative history.  There is every indication that Congress, in an effort to avoid the necessity of bankruptcy, sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support the wage earner and his family on a week-to- week, month-to-month basis.

417 U.S. at 651, 94 S.Ct. at 2436.

It is clear that both the CCPA  and its Indiana counterpart protect from garnishment only the stream of wages paid on a period basis which a debtor relies on "week -to - week" and "month-to-month" to pay necessary living expenses.  With respect to a Utah garnishment statute which was almost identical to the CCPA, the Supreme Court of Utah surmised:

> The *Kokoszka* rationale regarding the CCPA applies equally to the almost identical language of Rule 64D (d)(vii) [the Utah statute].  Wage earners generally do not rely on tax refunds as a means of support to the same extent

5

that they rely on periodic payments of compensation. A tax refund's amount and availability vary from year to year and the expectation of receiving a refund develops only after preparing a return early in the year. Most people do not budget tax refunds into their regular living expenses. Thus, allowing garnishment of an entire tax refund by creditors would not place the type of hardship on a debtor that Rule 64D and the CCPA seek to avoid.

*Funk v. Utah State Tax Commission*, 839 P.2d 818, 821 (Utah 1992).

### The Bonuses Here Are Not "Disposable Earnings" and Therefore Are Not Exempt

The Debtor in his response to the Trustee's objection argues that "disposable income" includes "income" in its definition and that, because the bonus is *taxed* as income, it should be treated as "disposable earnings". Yet, the pay advices indicate, and the Debtor does not dispute, that the bonuses were paid post petition in one lump sum. Given that fact, the Court sees little difference between the Bonuses here and a tax refund, which has been determined not to qualify as "disposable earnings". Both the Bonuses and tax refunds are paid in one lump sum and not in "periodic" payments. Both are comprised of "earnings" as defined by statute which were paid after the close of the previous year. Both the money received as a refund and the money received as a bonus is subject to income tax. In fact, it could be argued that tax refunds would more likely qualify as "disposable earnings" and thus be eligible for a garnishment exemption because they are periodic wages earned but withheld at the taxpayer's directive. Yet, the Supreme Court of the United States long ago in *Kokoszka* determined that not all forms of payment traceable to a debtor's wages – including tax refunds – are "disposable earnings" protected by the federal garnishment statute. This Court has not found a case –under either the CCPA or its identical Indiana counterpart – that holds that tax refunds are exempt from a bankruptcy trustee's reach and the

6

Debtor has cited this Court to none.  The Bonuses here were one-time, lump sum payments, similar to tax refunds, and are not "periodic" payments.  As such, they do not qualify as "disposable earnings" and cannot be exempted under Indiana's garnishment statute.

The Bonuses relate to services performed in 2008 and the Debtor filed this bankruptcy case in 2008. The Trustee is entitled only to the portion of the Bonuses that accrued and are attributable to income earned pre petition.  The Debtor was not present at the hearing on the Trustee's objection, and thus, the Court does not have the benefit of his direct testimony regarding the Corporate Bonus and the Target Bonus. The pay advices indicate that the Corporate Bonus remained static at the amount of $7714.28 for each pay period. The Target Bonus, however, increased each pay period by anywhere from $157.09 (pay advice for October 15, 2008) to $204.60 (pay advice for September 30, 2008).   As of October 15, 2008, the most recent pay advice prior to the Petition Date, the Target Bonus was valued at $3507.32.  The Corporate Bonus and the Target Bonus add up to $11,221.60 and the Debtor had an interest in this amount as of the Petition Date, none of which is exempt Indiana's garnishment statute.  The Debtor's absence at the hearing hindered both his counsel and the Trustee, since neither of them knew the precise amount of bonuses paid to the Debtor in February, 2009.  To the extent the Debtor received less than $11,221.60 in bonuses, the entire amount of bonuses received must be turned over to the Trustee within thirty (30) days of the date of this order.  To the extent the Debtor received $11,221.60 or more in bonuses, the sum of $11,221.60, less the amount of other applicable available exemptions, shall be turned over to the Trustee within thirty (30) days of the date of this order.

**# # #**

Distribution:

John McManus, Attorney for the Debtor
Jenice Golson-Dunlap, Chapter 7 Trustee
Nancy J. Gargula, United States Trustee